# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**MICHAEL CASTRO,**

    **Plaintiff,**

**v.**
                                      **CASE NO.:**

**WAL-MART STORES EAST, LP,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL CASTRO, by and through undersigned counsel, brings this action against Defendant, WAL-MART STORES EAST, LP, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. and 42 U.S.C. § 12101 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Lee County, Florida.

## PARTIES

4. Plaintiff is a resident of Lee County, Florida.

5. Defendant operates a corporation in North Fort Myers, in Lee County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and FCRA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff worked for Defendant as a Cart Associate from on or around April 24, 2021, until his termination on or around August 11, 2022.

12. Throughout his employment, Plaintiff was performing his job duties satisfactorily, including pushing carts and assisting customers with carryout.

13. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition,

and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

14. Specifically, on or around July 4, 2022, Plaintiff was involved in a car accident, resulting in multiple injuries including ligament lumbar, sprained SI joint, an ankle injury, muscle spasm of the back, muscle weakness, and pain in left shoulder.

15. Plaintiff continues to suffer from the aforementioned physical or mental condition.

16. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

17. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

18. Soon after his car accident, Plaintiff informed Defendant of the accident and his injuries.

19. Plaintiff's treating physician recommended a brief medical leave of absence, followed by a return to light duty work, specifically no lifting or pushing more than ten (10) pounds, due to his injuries.

20. Accordingly, on or about July 9, 2022, Plaintiff informed Defendant of the doctor's recommendations and provided it with appropriate documentation to substantiate his request for reasonable accommodations.

21. Pursuant to Plaintiff's doctor's recommendation, Plaintiff requested the reasonable accommodations of a brief two-week medical leave of absence, as well as no lifting or pushing more than ten (10) pounds, upon his return to work.

22. However, Defendant denied all of Plaintiff's requests for reasonable accommodations and refused to engage in an interactive process regarding a reasonable accommodation.

23. Despite Plaintiff's clear communication and provision of medical documentation, Defendant refused to engage in an interactive discussion regarding Plaintiff's request for a reasonable accommodation.

24. Defendant explicitly denied Plaintiff's request for reasonable accommodations, stating that because Plaintiff's injuries were not work-related, they would not honor any requests for accommodations, including the requests for leave of absence and light duty.

25. On August 11, 2022, Defendant terminated Plaintiff's employment, citing excessive absences as the reason, despite these absences being a direct consequence of Defendant's unlawful refusal to provide Plaintiff with reasonable accommodations.

26. Defendant's termination of Plaintiff was based on Plaintiff's disability and in retaliation for Plaintiff engaging in protected activity, in violation of the ADA and the FCRA.

## **COUNT I – ADA VIOLATION**
**(DISABILITY DISCRIMINATION)**

27. Plaintiff realleges and readopts the allegations of paragraphs 6 through 26 of this Complaint, as though fully set forth herein.

28. Plaintiff is a member of a protected class under the ADA.

29. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

30. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter an injunction restraining continued violation of the ADA;

  d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

  e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

  f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

  g) Any other compensatory damages, including emotional distress, allowable at law;

  h) Punitive damages;

  i) Prejudgment interest on all monetary recovery obtained.

  j) All costs and attorney's fees incurred in prosecuting these claims; and

  k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27. Plaintiff realleges and readopts the allegations of paragraphs 6 through 26 of this Complaint, as though fully set forth herein.

28. Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

      j)      For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

32. Plaintiff realleges and readopts the allegations of paragraphs 6 through 13, 20 through 22, and 25 through 26 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA by informing Defendant of his disabilities and requesting reasonable accommodations.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

      a)      A jury trial on all issues so triable;

      b)      That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)   That this Court enter an injunction restraining continued violation of the ADA;

e)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)   Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)   Punitive damages;

j)   Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorney's fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 6 through 26 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under the FCRA.

35. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

38.    Plaintiff realleges and readopts the allegations of paragraphs 6 through 26 of this Complaint, as though fully set forth herein.

39.    Plaintiff has a handicap or was perceived by Defendant as having a handicap.

40.    Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

41.    Defendant's actions were willful and done with malice.

42.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

43. Plaintiff realleges and readopts the allegations paragraphs 6 through 13, 20 through 22, and 25 through 26 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under the FCRA.

45. Plaintiff engaged in protected activity under the FCRA by informing Defendant of his Plaintiff's disabilities/handicaps and requesting reasonable accommodations.

46. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

47. Specifically, Defendant failed or refused to engage in an interactive discussion regarding accommodations, denied Plaintiff a reasonable

accommodation and, subsequently, terminated Plaintiff's employment with Defendant.

48. Defendant's actions were willful and done with malice.

49. Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable. Dated this 28th day of March, 2024.

    Respectfully submitted,

    */s/Brandon J. Hill*
    **BRANDON J. HILL**
    Florida Bar Number: 0037061
    Direct Dial: 813-337-7992
    **HANNAH E. DEBELLA**
    Florida Bar Number: 1026002
    **WENZEL FENTON CABASSA, P.A.**
    1110 N. Florida Avenue, Suite 300
    Tampa, Florida 33602
    Main Number: 813-224-0431
    Facsimile: 813-229-8712
    Email: bhill@wfclaw.com
    Email: hdebella@wfclaw.com
    Email: aketelsen@wfclaw.com
    **Counsel for Plaintiff**